Pilar C. French, OSB No. 962880
frenchp@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Defendants Mortgage Electronic Registration Systems, Inc. and U.S. Bank National Association

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Donald Eugene McCoy, III,<br><br>        Debtor. | Case No. 10-63814-fra13<br><br>**DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND U.S. BANK NATIONAL ASSOCIATION'S ANSWER AND AFFIRMATIVE DEFENSES** |
| Donald E. McCoy,<br><br>        Plaintiff,<br><br> vs.<br><br>BNC Mortgage, Inc., a Delaware corporation, Mortgage Electronic Registration Systems, Inc., a Delaware corporation, Northwest Trustee Services, Inc., a Washington corporation, U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2005-10, AIG Federal Savings Bank, Finance America, LLC, Lehman Brothers Holdings, Inc., Impact One Mortgage Services,<br><br>        Defendants. | Adv. Proc. No. 10-06224-fra |

PAGE 1 - MERS' AND U.S. BANK'S ANSWER AND AFFIRMATIVE DEFENSES

For their answer to plaintiff's Complaint, defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and U.S. Bank National Association ("U.S. Bank") (collectively "defendants"), admit, deny, and answer as follows:

## FACTS

1. In answering paragraph 1 of the Complaint, defendants admit that U.S. Bank is a national association and trustee for the Structured Asset Investment Loan Trust, 2005-10. In further answering paragraph 1 of the Complaint, defendants admit that MERS is a Delaware corporation, its principal place of business is located in the Commonwealth of Virginia. In further answering paragraph 1 of the Complaint, defendants admit that Northwest Trustee Services, Inc., Lehman Brothers Holdings, Inc. (before it filed for bankruptcy), BNC Mortgage, Inc., AIG Federal Savings Bank, Finance America, LLC (before it went out of business), and Impact One Mortgage Services are foreign entities. In further answering paragraph 1 of the Complaint, defendants lack sufficient information to know the truth or falsity regarding whether plaintiff is a resident of Jackson County, and therefore denies the same. Except as expressly admitted, defendants deny all other allegations contained in paragraph 1.

2. In answering paragraph 2 of the Complaint, defendants lack sufficient information to know the truth or falsity regarding whether plaintiff received a loan from BNC Mortgage, Inc. in September 2005 and therefore denies the same. In further answering paragraph 2 of the Complaint, defendants admit that a Deed of Trust was recorded in Jackson County, Oregon, under Recording No. 2005-060123, and that such document speaks for itself. In further answering paragraph 2 of the Complaint, defendants admit that plaintiff has attached as exhibits to the Complaint a Note and Rider related to property located at 2969 Sunnyvale Drive, Central Point, Oregon 97502 (the "Subject Property"), and that such documents speak for themselves. Except as expressly admitted, defendants deny all other allegations contained in paragraph 2.

3. In answering paragraph 3 of the Complaint, defendants admit that plaintiff executed a Deed of Trust, pursuant to which plaintiff agreed that MERS would serve as the

PAGE 2 - MERS' AND U.S. BANK'S ANSWER AND AFFIRMATIVE DEFENSES

beneficiary for the lender, its successor and assigns in the trust deed at issue in this case. Except as expressly admitted, defendants deny all other allegations contained in paragraph 3.

4. Defendants lack sufficient information to know the truth or falsity of the allegation contained in paragraph 4 of the Complaint, and therefore denies the same.

5. In answering paragraph 5 of the Complaint, defendants admit that plaintiff executed a Deed of Trust, pursuant to which plaintiff agreed that MERS would serve as the beneficiary for the lender, its successor and assigns in the trust deed at issue in this case. In further answering paragraph 5 of the Complaint, defendants admit that MERS is not mentioned in the Note, and holds no interest in the Note to transfer. Further answering, plaintiff agreed that MERS would be the Beneficiary as nominee for the lender, its successors or assigns in the trust deed. Except as expressly admitted, defendants deny all other allegations contained in paragraph 5.

6. In answering paragraph 6 of the Complaint, defendants admit that Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-10 were issued in 2005. Except as expressly admitted, defendants deny all other allegations contained in paragraph 6.

7. Defendants deny paragraph 7 of the Complaint.

8. In answering paragraph 8 of the Complaint, defendants admit that an Appointment of Successor Trustee was recorded in Jackson County, Oregon, under Recording No. 2007-043370, and that such document speaks for itself. In further answering paragraph 8 of the Complaint, defendants admit that an Assignment of Deed of Trust was recorded in Jackson County, Oregon, under Recording No. 2007-043371, and that such document speaks for itself. In further answering paragraph 8 of the Complaint, defendants admit that a Notice of Default and Election to Sell was recorded in Jackson County, Oregon, under Recording No. 2007-043372, and that such document speaks for itself. Except as expressly admitted, defendants deny all other allegations contained in paragraph 8.

PAGE 3 - MERS' AND U.S. BANK'S ANSWER AND AFFIRMATIVE DEFENSES

9. In answering paragraph 9 of the Complaint, defendants admit that a Rescission of Notice of Default was recorded in Jackson County, Oregon, under Recording No. 2008-004617, and that such document speaks for itself. In further answering paragraph 9 of the Complaint, Defendants admit that a Notice of Default and Election to Sell was recorded in Jackson County, Oregon, under Recording No. 2008-004618, and that such document speaks for itself. In further answering paragraph 9 of the Complaint, defendants admit that an Affidavit of Mailing, Trustee's Notice of Sale, Proof of Service, and Affidavit of Publication was recorded in Jackson County, Oregon, under Recording No. 2008-020565, and that such document speaks for itself. In further answering paragraph 9 of the Complaint, defendants admit that an Amended Affidavit of Mailing—Trustee's Notice of Sale and Amended Trustee's Notice of Sale, was recorded in Jackson County, Oregon, under Recording No. 2009-009441, and that such document speaks for itself. In further answering paragraph 9 of the Complaint, defendants admit that an Assignment of Deed of Trust was recorded in Jackson County, Oregon, under Recording No. 2009-034208, and that such document speaks for itself. In further answering paragraph 9 of the Complaint, defendants admit that a Rescission of Notice of Default was recorded in Jackson County, Oregon, under Recording No. 2009-041106, and that such document speaks for itself. In further answering paragraph 9 of the Complaint, defendants admit that a Notice of Default and Election to Sell was recorded in Jackson County, Oregon, under Recording No. 2009-041107, and that such document speaks for itself. In further answering paragraph 9 of the Complaint, defendants admit that an Affidavit of Mailing—Notice of Foreclosure, Notice of Foreclosure, Affidavit of Compliance—SB 628, Affidavit of Mailing—Trustee's Notice of Sale, Trustee's Notice of Sale, Proof of Service, and Affidavit of Publication was recorded in Jackson County, Oregon, under Recording No. 2010-005480, and that such document speaks for itself. In further answering paragraph 9 of the Complaint, defendants admit that an Amended Affidavit of Mailing—Trustee's Notice of Sale and Amended Trustee's Notice of Sale was recorded in Jackson County, Oregon, under Recording No. 2010-016855, and that such document speaks for itself. In further

PAGE 4 - MERS' AND U.S. BANK'S ANSWER AND AFFIRMATIVE DEFENSES

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

105727.1062/909359.1

answering paragraph 9 of the Complaint, defendants admit that an Amended Affidavit of Mailing and Copy of the Amended Trustee's Notice of Sale was recorded in Jackson County, Oregon, under Recording No. 2010-019180, and that such document speaks for itself. Except as expressly admitted, defendants deny all other allegations contained in paragraph 9.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

(Wrongful Foreclosure)

10. In answering paragraph 10, defendants incorporate and reallege their answers to paragraphs 1 through 9.

11. In answering paragraph 11 of the Complaint, defendants admit that ORS 86.735. ORS 86.740, and ORS 86.755 speak for themselves. In further answering paragraph 11 of the Complaint, defendants state that plaintiff has alleged legal conclusions that are not subject to admission or denial. In further answering paragraph 11, to the extent plaintiff has alleged any facts that require response, defendants deny the same.

12. In answering paragraph 12 of the Complaint, defendants deny that foreclosure on the Subject Property, pursuant to the Deed of Trust, is defective. In further answering paragraph 12, defendants admit that MERS is not mentioned in the Note and holds no interest in the Note to transfer. In further answering paragraph 12 of the Complaint, defendants deny that MERS is required to register with the Secretary of State of Oregon in order to perform foreclosure-related activities in the state of Oregon. Except as expressly admitted, defendants deny all other allegations contained in paragraph 12.

13. In answering paragraph 13 of the Complaint, defendants admit that U.S. Bank, as Trustee for the Structured Asset Investment Loan Trust, 2005-10, has authority to foreclose on the Subject Property. Except as expressly admitted, defendants deny all other allegations contained in paragraph 13.

105727.1062/909359.1

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

14. In answering paragraph 14 of the Complaint, defendants state that by virtue of the Deed of Trust and Oregon's foreclosure statutes, they have authority to foreclose on the Subject Property and elect to sell the Subject Property. Except as expressly admitted, defendants deny all other allegations contained in paragraph 14.

15. Defendants deny paragraph 15 of the Complaint.

## CLAIMS FOR RELIEF

## SECOND CLAIM FOR RELIEF

(Quiet Title)

16. In answering paragraph 16 of the Complaint, defendants incorporate and reallege their answer to paragraph 10.

17. In answering paragraphs 17 through 20 of the Complaint, defendants state that plaintiff's Second Claim for Relief, Quiet Title, has been dismissed by the Court and therefore, no response is required. To the extent a response is necessary, defendants deny all allegations contained in paragraphs 17 through 20.

18. In answering the "Wherefore" clause on page 10 of the Complaint, defendants assert that no answer is required to this section. To the extent an answer is required, defendants deny the same and deny that plaintiff is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

19. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

20. Plaintiff has failed to mitigate his purported damages, if any, and therefore cannot recover against defendants.

21. Plaintiff's claim is barred by the doctrines of mistake, inadvertence, and excusable neglect.

22. Plaintiff's claim is barred by the doctrines of estoppel, unclean hands, laches and/or waiver.

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

105727.1062/909359.1

23. Plaintiff's claim is barred because plaintiff expressly consented to the loan he entered into, thereby assuming the risks and benefits of the loan and all terms and conditions he knew, or in the exercise of reasonable diligence should have, known.

24. Plaintiff's claim is barred by the applicable statutes of limitation.

25. Plaintiff's alleged damages, if any, were caused, or are attributable to, plaintiff's own acts or omissions, or the acts or omissions of person or entities other than defendants.

26. Defendants assert the defenses of good faith, due care, and failure to directly, or indirectly, induce the alleged act, or acts, constituting the alleged violation or cause of action.

27. Plaintiff's claims and damages, if any, are barred by ORS 86.705 et seq., the "Oregon Deed of Trust Act."

28. This Court lacks subject matter jurisdiction over plaintiff's claim for declaratory relief because it asks the Court to render an advisory opinion.

29. On information and belief, plaintiff lacks standing to assert any claims for relief.

30. Plaintiff's failure to tender the default owed on the Deed of Trust and loan bars plaintiff's request for rescission of the trustee's deed and for declaratory relief.

## RESERVATION OF RIGHTS

Defendants specifically reserve the right to amend their answer to add defenses and affirmative defenses; to adopt any and all affirmative defenses raised by any other defendants later added to this suit, if any; to add counterclaims and third-party defendants; and to argue legal theories in addition to, or in lieu of, those specifically identified herein, as the facts in this matter may warrant, including without limitation, additional or further facts hereafter disclosed through discovery.

## PRAYER FOR RELIEF

WHEREFORE, having answered plaintiff's Complaint, and having set forth defendants' affirmative defenses, defendants pray for relief as follows:

PAGE 7 - MERS' AND U.S. BANK'S ANSWER AND AFFIRMATIVE DEFENSES

105727.1062/909359.1

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

1. For dismissal of plaintiff's Complaint in full and with prejudice;

2. For all costs and expenses, including reasonable attorney fees incurred in defending this action; and

3. For such other and further relief as the Court deems just and equitable.

DATED: April 13, 2011

                              **LANE POWELL** PC

                              By /s/ Pilar C. French
                                 Pilar C. French, OSB No. 962880
                              Attorneys for Defendants Mortgage Electronic
                              Registration Systems, Inc. and U.S. Bank National
                              Association

PAGE 8 - MERS' AND U.S. BANK'S ANSWER AND AFFIRMATIVE DEFENSES

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2011, I caused to be served a copy of the foregoing **DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND U.S. BANK NATIONAL ASSOCIATION'S ANSWER AND AFFIRMATIVE DEFENSES** on the following person(s) in the manner indicated below at the following address(es):

- JOHN O CAMPBELL   ocampbell@houser-law.com; chershey@houser-law.com
- JOHN M THOMAS   jthomas@rcolegal.com
- JAMES J. STOUT   jjstout1@aol.com

☒ by **CM/ECF**
☐ by **Electronic Mail**
☐ by **Facsimile Transmission**
☐ by **First Class Mail**
☐ by **Hand Delivery**
☐ by **Overnight Delivery**

/s/ Pilar C. French
Pilar C. French

CERTIFICATE OF SERVICE

105727.1062/909359.1

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200