1

2

3

4

5

6

7

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| IN RE | ) | Bankruptcy Case |
| | ) | No. 10-63814-fra13 |
| DONALD E. McCOY, III, | ) | |
| Debtor. | ) | |
| | ) | |
| DONALD E. McCOY, III, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding |
| | ) | No. 10-6224-fra |
| BNC MORTGAGE, INC; MORTGAGE | ) | |
| ELECTRONIC REGISTRATIONS SYSTEMS, | ) | |
| INC; US BANK, NA; FINANCE AMERICA, LLC; | ) | |
| LEHMAN BROTHERS HOLDINGS, INC; and | ) | |
| IMPACT ONE MORTGAGE SVCS, | ) | |
| | ) | |
| Defendants. | ) | Memorandum Re: Cost Bill |

Plaintiff filed a complaint in this adversary proceeding seeking two claims for relief: 1) A declaration that Defendants' foreclosure action against Plaintiff and his real property was wrongful with an injunction against foreclosure until Defendants complied with ORS Chapter 86; and 2) A judgment quieting title in the property to Plaintiff. Defendants filed a motion to dismiss which was granted in part and denied in part. Thereafter, the parties stipulated to dismissal of the adversary proceeding. Plaintiff filed a Bill of Costs and a Statement of Attorneys' Fees with the Court and Defendants filed an objection thereto. For the following reasons, Defendants' objection to the bill for attorneys' fees and costs will be SUSTAINED.

// // //

Page 1 - Memorandum Opinion

DISCUSSION

In its memorandum opinion and order of February 7, 2011 disposing of Defendants' motion to dismiss, the court dismissed Claim 2 (quiet title action) and, in denying dismissal of Claim 1, held that the complaint set out a "plausible claim" that Defendants had failed to comply with the requirements of Oregon law respecting non-judicial foreclosures. Thereafter, Defendants filed an answer to the complaint, the court held a pre-trial hearing, and, on September 12, 2011, a notice was sent to the court that Defendants had agreed to rescind the pending foreclosure action and a stipulated dismissal of the adversary proceeding would be filed with the court. The adversary proceeding was thereafter closed based on the entry of the stipulated notice of dismissal. Plaintiff then filed a Bill of Costs in the amount of $617.87 and a Statement of Attorney Fees in the amount of $9,090. Attorneys' fees were said to be recoverable based on the Deed of Trust and Promissory Note. A claim for attorneys' fees based on a contractual provision in a document is governed by state law, in this case Oregon law. See Travelers Cas. and Sur. Co. of America v. P.G.& E.Co., 549 U.S. 442, 450-51 (2007); In re Coast Trading Co., Inc., 744 F.2d 686, 693 (9th Cir. 1984).

The promissory note provides at ¶ 7(E) that the Note Holder (i.e. the Lender and its transferees) has the right to be paid back for "all of its costs and expenses in enforcing this Note . . . [which] include, for example, reasonable attorneys' fees." The Deed of Trust provides at ¶ 14 that "Lender may charge Borrower fees for services performed in connection with Borrower's default, for purpose of protecting Lender's interest in the property and rights under this Security Instrument, including, but not limited to, attorneys' fees . . . ."

While the Note and Deed of Trust provide for recovery of costs and attorneys' fees to the Lender and mortgagee only (not the Plaintiff herein), ORS 20.096(1) provides that a prevailing party is entitled to attorneys fees as well as costs and disbursements

> [i]n any action or suit in which a claim is made based on a contract that specifically provides
> that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded
> to one of the parties, . . . without regard to whether the prevailing party is the party specified in
> the contract . . . .

// // //

Page 2 - Memorandum Opinion

Assuming the complaint was filed to enforce the terms of the Note and Deed of Trust, the Plaintiff would therefore have to be the "prevailing party" to recover his costs and attorneys' fees.[1]

Plaintiff was not, however, the "prevailing party" in this action. The claim to quiet title was dismissed by the court. The claim for wrongful foreclosure survived a motion to dismiss, with the court finding that the complaint set out a "plausible claim." As the Defendants point out in their memorandum, however, survival of a claim from a motion to dismiss does not make a plaintiff the prevailing party in the action. A "prevailing party" is a "party in whose favor a judgment is rendered, regardless of the amount of damages awarded." Blacks Law Dictionary 1154 (8th ed. 2004). Oregon law defines "prevailing party" for the purposes of making an award of attorneys' fees on a claim as "the party who receives a favorable judgment or arbitration award on a claim." ORS 20.077(2). Plaintiff did not receive a favorable judgment on either of his claims and cannot therefore be termed the "prevailing party."

CONCLUSION

As the Plaintiff was not the "prevailing party" in this adversary proceeding against Defendants, he cannot recover from Defendants his costs and disbursements or attorneys' fees incurred in this action. An order will be entered by the court sustaining Defendants' objection.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

---

[1] As Defendants point out, however, the complaint was not premised on an action to enforce the terms of the contract, but on a violation of Oregon non-judicial foreclosure law. Plaintiff references no Oregon statute or other source that would entitle him to an award of attorneys fees in that instance.

Page 3 - Memorandum Opinion